IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.                                          **CIVIL ACTION NO. 5:22-CR-33**
                                                      Judge Bailey

**DEMARCUS HOCKETT**,

      Defendant.

## ORDER GRANTING MOTION FOR ACQUITTAL

Pending before this Court is a Motion for Acquittal [Doc. 38]. Having heard argument on the same, this matter is ripe for adjudication. For the reasons contained herein, the Motion will be granted.

## BACKGROUND

On October 4, 2022, the Grand Jury returned a two (2) count indictment against defendant Demarcus Hockett. See [Docs. 1 & 2]. Specifically, the Grand Jury charged:

**Count One**

*(Retaliating Against a Federal Official)*

On or about April 2, 2022, in Marshall County, in the Northern District of West Virginia, defendant **DEMARCUS HOCKETT** did knowingly and willfully threaten to assault and murder a state officer performing a federal function, A.T., who was assisting the United States Marshal Service, with the intent to

impede, intimidate, or interfere with such officer while engaged in the performance of official duties, and with intent to retaliate against such officer on account of the performance of official duties, by threatening to kill A.T. and make him beg for his life, in violation of Title 18, United States Code, Sections 115(a)(1)(B), and 115(b)(4).

## Count Two

*(Retaliating Against a Federal Official)*

On or about April 14, 2022, in Marshall County, in the Northern District of West Virginia, defendant **DEMARCUS HOCKETT** did knowingly and willfully threaten to assault and murder a state officer performing a federal function, D.J., who was assisting the United States Marshal Service, with the intent to impede, intimidate, or interfere with such officer while engaged in the performance of official duties, and with intent to retaliate against such officer on account of the performance of official duties, by threatening to kill D.J., in violation of Title 18, United States Code, Sections 115(a)(1)(B) and 115(b)(4).

[Id.]. This Court notes the foregoing indictment was signed by the Grand Jury Foreperson thereby constituting a true bill.

On December 12, 2022, defendant, by counsel, filed Defendant's Waiver of Jury Trial [Doc. 33]. Therein, defendant expressly waived his constitutional right to a jury trial pursuant to Fed. R. Crim. P. 23(a) and ***Wyatt v. United States***, 591 F.2d 260 (4th Cir. 1979), electing instead to try this matter to the bench.

On December 20, 2022, this matter came on before the undersigned for bench trial. Prior to commencement, this Court engaged defendant and his counsel in a colloquy regarding defendant's waiver to trial by jury. At the conclusion of the colloquy, this Court found that defendant had knowingly and voluntarily waived his right to trial by jury. Accordingly, this Court proceeded with trial to the bench.

After hearing argument and the presentation of evidence by the Government, defendant moved this Court for acquittal, which is the subject of this Order.

## DISCUSSION

Having reviewed this matter in its entirety, including the legal authority offered by the parties during oral argument on the pending Motion, this Court finds it must grant defendant's Motion because defendant's alleged conduct as charged in the indictment falls outside the scope of the statue indicated therein. More specifically, the statute identified in the indictment, 18 U.S.C. § 115, provides:

> **§ 115. Influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member**
>
> **(a)(1) Whoever –**
>
> **(A)** assaults, kidnaps, or murders, or attempts or conspires to kidnap or murder, or threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under section 114 of this title; or
>
> **(B)** threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section,
>
> with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with

3

intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

**(2)** Whoever assaults, kidnaps, or murders, or attempts or conspires to kidnap or murder, or threatens to assault, kidnap, or murder, any person who formerly served as a person designated in paragraph (1), or a member of the immediate family of any person who formerly served as a person designated in paragraph (1), with intent to retaliate against such person on account of the performance of official duties during the term of such person, shall be punished as provided in subsection (b).

**(b)(1)** The punishment for an assault in violation of this section is –

> **(A)** a fine under this title; and
>
> **(B)(i)** if the assault consists of a simple assault, a term of imprisonment for not more than 1 year;
>
> **(ii)** if the assault involved physical contact with the victim of that assault or the intent to commit another felony, a term of imprisonment for not more than 10 years;
>
> **(iii)** if the assault resulted in bodily injury, a term of imprisonment for not more than 20 years; or
>
> **(iv)** if the assault resulted in serious bodily injury (as that term is defined in section 1365 of this title, and including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this tile) or a dangerous weapon was used during and in relation to the offense, a term of imprisonment for not more than 30 years.

**(2)** A kidnapping, attempted kidnapping, or conspiracy to kidnap in violation of this section shall be punished as provided in section 1201 of this title for the kidnapping or attempted kidnapping of, or a conspiracy to kidnap, a person described in section 1201(a)(5) of this title.

**(3)** A murder, attempted murder, or conspiracy to murder in violation of this section shall be punished as provided in sections 1111, 1113, and 1117 of this title.

**(4)** A threat made in violation of this section shall be punished by a fine under this title or imprisonment for a term of not more than 10 years, or both, except that imprisonment for a threatened assault shall not exceed 6 years.

**(c)** As used in this section, the term –

**(1)** "Federal law enforcement officer" means any officer, agent, or employee of the United States authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of any violation of Federal criminal law;

**(2)** "immediate family member" of an individual means –

>   **(A)** his spouse, parent, brother or sister, child or person to whom he stands in loco parentis; or

>   **(B)** any other person living in his household and related to him by blood or marriage;

**(3)** "United States judge" means any judicial officer of the United States, and includes a justice of the Supreme Court and a United States Magistrate Judge; and

**(4)** "United States official" means the President, President-elect, Vice President, Vice President-elect, a Member of Congress, a member-elect of Congress, a member of the executive branch who is the head of a department listed in 5 U.S.C. 101, or the Director of the Central Intelligence Agency.

**(d)** This section shall not interfere with the investigative authority of the United States Secret Service, as provided under sections 3056, 871, and 879 of this title.

**(e)** There is extraterritorial jurisdiction over the conduct prohibited by this section.

See 18 U.S.C. § 115 *et seq.*

At trial, the Government and defense counsel elicited substantial testimony concerning the employment classification of each alleged victim identified in the indictment. Based on this Court's consideration, it is undisputably clear that each alleged victim was a state

employee at the time of defendant's alleged acts as identified in the indictment. Still, the Government contends that each victim falls within the statutory definition of a "Federal law enforcement officer" based on the arrangement between the United States Marshals Service and the West Virginia Division of Corrections and Rehabilitation to house certain Federal prisoners at the Northern Regional Correctional Facility and Jail.[1]

Based on this arrangement, the Government contends that the victims (who were correctional officers on the date of the alleged criminal violations as articulated in the indictment) fall under the statutory definition of "Federal law enforcement officer" because they were actively involved in supervising defendant–a federal inmate–at the time he allegedly committed the subject offenses.

This Court cannot agree based on a review of pertinent statutory authority, and the Government's contentions to the contrary are belied by their legal authority presented during oral argument on the pending Motion.

For example, the Government relied upon ***United States v. Luedtke***, 771 F.3d 453 (8th Cir. 2014) in support of its position. In ***Luedtke***, two inmates while detained on federal felony charges, assaulted two state correctional officers at a county jail facility. *Id*. at 454. The inmates moved to dismiss their indictments relating to the assaults for lack of federal jurisdiction by arguing that the state guards they attacked were not assisting federal officers. *Id*. at 454–55. Ultimately, both the United States District Court for the District of Minnesota

---

[1] This arrangement is based, *inter alia*, on the local proximity of Northern Regional Correctional Facility and Jail in Moundsville, West Virginia, to this Court's point of holding in Wheeling, West Virginia.

and the United States Court of Appeals for the Eighth Circuit upheld the inmates' convictions. However, those inmates were charged with violation *of an entirely different statute* than the statute cited in the indictment in this case. Specifically, the *Luedtke* offenders were charged under 18 U.S.C. § 111, which provides, in pertinent part:

> **(a) In general. –Whoever–**
>
> **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> **(2)** forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> . . .

Id. In examining this statute, the *Luedtke* court noted that Congress passed § 111 "to protect both federal officers and federal functions." *Luedtke*, 771 F.3d at 455 (citing *United States v. Feola*, 420 U.S. 671, 679 (1975)). Moreover, the *Luedtke* court informed that a variety of federal courts have cited *Feola* in holding that § 111 also applies to state officers who are

performing federal functions under a contract, whether or not federal personnel are present. *Luedtke*, 771 F.3d at 455 (citing *United States v. Jacquez-Beltran*, 326 F.3d 661, 663 n.5 (5th Cir. 2003) (per curiam) (collecting cases)). In fact, the *Leudtke* court recounted its own adoption of this interpretation in *United States v. Roy*, 408 F.3d 484 (8th Cir. 2005) where it concluded that § 111 applied to the state officer in question regardless of whether he was acting in the presence of federal personnel because the officer was "performing a federal function." *Leudtke*, 771 F.3d at 455 (citing *Roy*, 408 F.3d at 491).

Based on this analysis, it is clear that Congress intended to criminalize threats against state officers performing federal functions. However, it appears that Congress sought to criminalize these actions under § 111 rather than § 115–the statute defendant was charged with violating in the indictment. Indeed, the very language of the indictment seems to follow the proscribed conduct contained in § 111 rather than § 115.[2] Moreover, it does not appear rational to conclude that Congress intended to criminalize the same conduct in these two different statutes.

As identified by defendant, penal statutes are to be strictly construed against the Government, and close questions of legal interpretation must be resolved in favor of the criminally accused. *See United States v. Wiltberger*, 18 U.S. 76, 95 (1820).

Thus, this Court is inclined to conclude that the alleged conduct committed by defendant in this case falls outside the scope of § 115.

---

[2] In fact, the Government's own legal authority supports this Court's conclusion that threats against a state officer performing a federal function should be charged under § 111 rather than § 115. *See United States v. Ama*, 97 F.App'x 900 (10th Cir. 2004) (finding § 111 extended to criminalize assault by federal inmate at state facility on state correctional officer).

## **CONCLUSION**

Accordingly, the Motion for Acquittal [**Doc. 38**] is **GRANTED**. This Court hereby **DISMISSES** the indictment [**Docs. 1 & 2**]. The United States Marshals Service is instructed to facilitate Mr. Hockett's release from incarceration as his only pending charges before this Court have been dismissed for the reasons articulated herein.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein, and to the United States Marshals Service.

**DATED**: December 22, 2022.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**